George **STONE**

v.

**FWD CORPORATION, et al.**

**Civ. No. JFM–91–1241.**

United States District Court, D. Maryland.

May 3, 1993.

Sal B. Daidone, Voorhees, NJ, for plaintiff.

Dean P. Gunby, Baltimore, MD, for defendants.

## MEMORANDUM

MOTZ, District Judge.

This action arises out of an accident which occurred on October 1, 1988 at the Philadelphia Naval Yard. Plaintiff, a civil fireman employee of the United States Navy, slipped on the steps of a fire truck owned by the Navy as he was getting out of the vehicle. Defendant, FWD Corporation, a subsidiary of defendant Seagrave Fire Apparatus, Inc., had manufactured the fire truck pursuant to a contract with the Navy.[1] Plaintiff asserts, among other things, that the fire truck was defectively designed. Discovery has been completed, and defendants have filed a motion to dismiss or for summary judgment on various grounds, including the so-called "government contractor defense."

In *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512, 108 S.Ct. 2510, 2518, 101 L.Ed.2d 442 (1988), the Supreme Court held that the government contractor defense applies "when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." Here, plaintiff concedes that the United States not only approved the specifications pursuant to which the fire truck in question was manufactured but that it actually provided the specifications to FWD.[2] Similarly, plaintiff concedes that the fire truck conformed to the specifications. Thus, the first two elements of the *Boyle* test unquestionably are met.[3]

As to the third element of the test, defendants have submitted an affidavit from one of their senior staff engineers who was active in the design and construction of the fire truck in question, indicating that defendants were not aware of any dangers associated with diamond step plate or the design of the hand holds and step (the only alleged defects identified by plaintiff). Plaintiff has presented no evidence to contradict this affidavit. Rather, he contends that defendants *should have known* of those dangers. *Boyle*, however, expressly requires actual knowledge on the part of the manufacturer, and adoption of a "should have known" standard would nullify the decision's *raison d'etre*.

The only other argument made by plaintiff in an attempt to avoid the effect of *Boyle* is that the fire truck should not be construed to be "military equipment."[4] *Tillett v. J.I.*

---

1. Plaintiff has named several other defendants alleged to be related to FWD Corporation and Seagrave Fire Apparatus, Inc. They apparently have never been served. In any event, since they would be entitled to the same government contractor defense as FWD Corporation and Seagrave Fire Apparatus, Inc., and since I find the defense to be meritorious, I will dismiss the case as to them.

2. This concession undermines plaintiff's reliance upon *Trevino v. General Dynamics Corp.*, 865 F.2d 1474, 1487 (5th Cir.1989), *cert. denied*, 493 U.S. 935, 110 S.Ct. 327, 107 L.Ed.2d 19 (1989), where the court affirmed the district court's holding that the government contractor defense did not apply because the government had merely "rubber stamped" drawings provided by the manufacturer.

3. Accordingly, for purposes of considering the displacement of state law, under our facts (and contrary to plaintiff's suggestion) there is a "significant conflict" between state tort law and the federal interest in procuring fire trucks designed according to specifications provided by the United States Navy. *Boyle*, 487 U.S. at 507, 108 S.Ct. at 2516.

4. I have some question about whether after *Boyle* it is necessary that the equipment involved be *military* equipment. Although *Boyle* itself involved a military helicopter and although the government contractor defense is particularly germane in the military context, *see, e.g., Kleemann v. McDonnell Douglas Corp.*, 890 F.2d 698 (4th Cir.1989), *cert. denied*, 495 U.S. 953, 110 S.Ct. 2219, 109 L.Ed.2d 545 (1990), *Boyle* refers to the "government contractor defense," not merely "the military contractor defense." Moreover, it rests the defense not upon the *Feres* doctrine (which is limited to military service), *see Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), but upon the discretionary function exception to the Federal Tort Claims Act (which is applicable to all government agencies). *Boyle*, 487 U.S. at 511–12, 108 S.Ct. at 2518–19; *see also Johnson v. Grumman Corp.*, 806 F.Supp. 212, 216–217 (W.D.Wis.1992) holding that the

*Case Co.*, 756 F.2d 591, 598 (7th Cir.1985), is dispositive of that issue. There, it was held that a front end loader being used on a military base constituted military equipment. Although *Tillett* may be theoretically distinguishable on the ground that it was decided before *Boyle* and rested the government contractor defense upon a *Feres* (rather than a discretionary function) rationale, a piece of heavy machinery used to protect and support military operations and materiel falls well within the scope of the term "military equipment," whatever the underlying rationale for the defense may be.

Because I find defendants' government contractor defense to constitute a bar to plaintiff's claims, I need not address the other defenses which they raise. A separate order granting their motion for summary judgment is being entered herewith.

## ORDER

For the reasons stated in the memorandum entered herein, it is, this 3rd day of May 1993

ORDERED

1. The motion to dismiss or for summary judgment filed by defendant FWD Corporation and Seagrave Fire Apparatus, Inc. is treated as one for summary judgment and, as such, is granted;

2. Judgment is entered in favor of defendants FWD Corporation and Seagrave Fire Apparatus Inc., against plaintiff; and

3. Plaintiff's claims against Seagrave–Tin Plate, H.O.T. Corporations, D.I.S. Corporations, S.L.I.P. Corporations and D.E.F. Corporations are dismissed.

defense was applicable to the non-military context where the United States Postal Service procured mail delivery vehicles.